UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Paris Cedrell Neal,

        Defendant.

Criminal No. 13-163 (JNE)
Civil No. 15-460 (JNE)
ORDER

     A grand jury charged Paris Cedrell Neal with being a felon in possession of a firearm (Count 1), distribution of cocaine base (Count 2), using and carrying firearms during and in relation to a drug trafficking crime (Count 3), and being a felon in possession of firearms (Count 4).  Neal pleaded guilty to Counts 2 and 4.  The Court sentenced him to 115 months' imprisonment on Count 2 and to 120 months' imprisonment on Count 4, to be served consecutively.  Neal appealed, and the United States Court of Appeals for the Eighth Circuit affirmed.  *United States v. Neal*, 581 F. App'x 607 (8th Cir. 2014) (per curiam).  The case is before the Court on Neal's motion under 28 U.S.C. § 2255 (2012) to vacate, set aside, or correct his sentence.[1]  Because the record conclusively shows that he is not entitled to relief, the Court denies the motion without a hearing.  *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

     Section 2255 "provides a remedy for jurisdictional and constitutional errors."  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc).  "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is

---

[1] Neal also moved to include his affidavit as part of the record.  The Court grants the motion.

1

severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation marks omitted).

*Ineffective assistance of counsel*

Neal claimed that he received ineffective assistance of counsel. The two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Neal must demonstrate that his attorney's representation fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 57-59. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. In assessing the reasonableness of counsel's conduct, the Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Neal maintained that he received ineffective assistance of counsel because his attorney misled him about the duration of the term of imprisonment that he faced as a result of his guilty plea. According to Neal, his attorney told him that "he was only pleading to 10 years." The record contradicts Neal's claim.

At the change-of-plea hearing, Neal acknowledged that he had read the plea agreement with his attorney; that the maximum term of imprisonment on Count 2 was 20 years; that the maximum term of imprisonment on Count 4 was 10 years; that the parties anticipated a guideline range of imprisonment of 151 to 188 months on Count 2; that the

2

parties anticipated a guideline range of imprisonment of 235 to 293 months on Count 4; that the Court could sentence Neal to a term of imprisonment of more than 240 months by imposing consecutive sentences; that the Court was not a party to the plea agreement; that he could not withdraw his guilty plea if he received a sentence different from the one contemplated by the parties in the plea agreement or if the Court decided that his guideline range differed from the parties' calculations; and that the parties waived their rights to appeal the sentence except that Neal could appeal the sentence if the term of imprisonment was greater than 240 months and the government could appeal the sentence if the term of imprisonment was less than 235 months.  Asked whether "anybody threatened [him] or put any pressure on [him] to try to get [him] to plead guilty," Neal responded "No."  Asked whether "[a]nybody made [him] any promises, other than what's contained in the plea agreement," Neal responded "No."

At sentencing, the Court informed the parties that the presentence investigation report had accurately calculated the guidelines; that Neal's guideline range of imprisonment was 262 to 327 months; and that the Court was going to look at the guideline range of imprisonment contained in the plea agreement—235 to 293 months—in imposing a sentence.  The Court then heard from Neal himself.  He asked to withdraw his guilty plea.  After hearing from Neal, the Court stated that it was inclined to allow him to withdraw his guilty plea and allowed him to consult with his attorney.  After he had spoken to his attorney, Neal stated, "Thank you for your patience.  It's kind of hard, but I accept the plea that's on the table for me, and leave it up to you to decide."  The Court sentenced him to a total term of imprisonment of 235 months.

After the Court had imposed sentence, Neal's attorney asked whether Neal himself could address the Court.  The Court granted the request.  During the exchange, Neal stated that "it was explained to [him]" that he could receive a sentence "from the 240 [months] all the way down to no time."

"Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997).  Neal's assertion that his attorney promised him a 10-year sentence conflicts with his disclaimer of promises made to him outside of the plea agreement at the change-of-plea hearing.  His assertion that his attorney reiterated the promise of a 10-year sentence during a break in the sentencing hearing conflicts with his representation at the sentencing hearing that he understood his sentence could range from 0 to 240 months' imprisonment.  And his alleged understanding of a sentencing range of 0 to 240 months' imprisonment conflicts with his acknowledgement at the change-of-plea hearing that the Court could impose a term of imprisonment that exceeded 240 months by imposing consecutive terms of imprisonment.  Neal has not substantiated his claim of deficient performance by his attorney.

In addition, Neal failed to demonstrate prejudice from the alleged deficiency.  At sentencing, the Court stated that it was going to look at the guideline range contemplated by the parties in the plea agreement in imposing a sentence.  Neal then addressed the Court, and the Court offered Neal an opportunity to withdraw his plea.  He did not.

4

Instead, he "accept[ed] the plea that's on the table for [him]." The Court rejects Neal's claim of ineffective assistance of counsel insofar as the claim is based on his attorney's alleged promise of a 10-year sentence. *See Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103-05 (8th Cir. 2011); *Nguyen*, 114 F.3d at 704.

Neal also maintained that he received ineffective assistance of counsel because his attorney ignored his mental health issues, made fun of his mental health issues, and encouraged him to tell the Court he felt fine when he entered his guilty plea even though he did not feel fine. He claimed that he was hearing voices when he pleaded guilty. At sentencing, Neal asserted that his attorney again made fun of his mental health issues and exploited those issues to induce Neal to persist in his guilty plea. He asserted his attorney should have requested a competency evaluation.

An attorney's "failure to request a competency hearing [is] objectively unreasonable if evidence raised substantial doubt about [a defendant's] mental competence to stand trial." *Ford v. Bowersox*, 256 F.3d 783, 786 (8th Cir. 2001); *see Vogt v. United States*, 88 F.3d 587, 592 (8th Cir. 1996). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 391 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). The competency standard for pleading guilty is not higher than the competency standard for standing trial. *Id.* at 391.

The record conclusively refutes Neal's claim of ineffective assistance of counsel insofar as the claim relates to his alleged incompetence. At the change-of-plea hearing, Neal did not claim that he was hearing voices. He did not claim that his attorney mocked his mental health issues. And he did not claim that he was not well. Neal stated that he had had enough time to talk to his lawyer and that his lawyer had done a good job of representing him. He denied taking any medications prescribed by a doctor. He indicated that he was not seeing a doctor for any health problems. He also stated that he was not seeing a psychologist or a psychiatrist. In the past, he had. According to Neal, he had been diagnosed with "[l]ots of stuff," such as "ADHD," "ADD," and "sleep depression." He was not taking medications for any of those conditions when he pleaded guilty. Asked how he felt mentally, Neal responded that he felt "[f]ine" and "[n]ormal."

Neal's attorney did not ignore issues about Neal's mental health. He investigated Neal's mental health and made an argument for sentencing mitigation based on Neal's mental health background. Citing the presentence investigation report's summary of Neal's mental and emotional health, Neal's attorney argued in the defense position on sentencing for a shorter period of incarceration and a longer period of monitoring.

At sentencing, the Court engaged in a lengthy discussion with Neal himself about withdrawing his plea, his guilty plea, and his sentence. Throughout this hearing, as well as the prior proceedings, Neal had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and had a rational as well as factual understanding of the proceedings against him. No evidence raised a substantial doubt about Neal's mental competence. That Neal's attorney did not request a competency

hearing was not ineffective assistance of counsel. *See Cowans v. Bagley*, 639 F.3d 241, 250 (6th Cir. 2011). The Court rejects Neal's claim of ineffective assistance of counsel insofar as the claim relates to his mental health issues.

*Incompetent*

Neal also maintains that he was not competent to enter a guilty plea. In his direct appeal, he asserted that he was not competent to plead guilty. *Neal*, 581 F. App'x at 607. The Eighth Circuit rejected his assertion. *Id.* ("The record demonstrates that Neal entered into both the plea agreement and the appeal waiver knowingly and voluntarily, and there was no reason to question his competence to do so . . . ."). Neal has not submitted evidence that warrants a hearing on his claim that he was not competent to enter a guilty plea. *See Battle v. United States*, 419 F.3d 1292, 1298-99 (11th Cir. 2005); *United States v. Drummond*, 910 F.2d 284, 285-86 (5th Cir. 1990); *United States v. Peeler*, 738 F.2d 246, 248 (8th Cir. 1984). The Court rejects this claim.

*Induced to plead guilty*

Neal maintained that he was fraudulently induced to plead guilty based on his attorney's representations that his guilty plea would result in a 10-year sentence. For the reasons set forth above, the Court rejects this claim. *See Nguyen*, 114 F.3d at 704.

*Cumulative effect*

Neal maintained that the cumulative effect of the constitutional violations he asserted in his § 2255 motion rendered his plea involuntary. Having rejected his claims of constitutional violations, the Court also rejects this claim.

*Certificate of appealability*

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, reasonable jurists would not find the rejection of Neal's claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

*Conclusion*

1. Neal's § 2255 motion [Docket No. 71] is DENIED.
2. Neal's motion to submit an affidavit [Docket No. 73] is GRANTED.
3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 28, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge